NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGELIO SAMUEL GOMEZ-OROZCO, a.k.a. Roberto Perez Gonzalez,<br><br>              Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   17-71836<br><br>Agency No. A200-319-766<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022**
Portland, Oregon

Before:  SCHROEDER and SANCHEZ, Circuit Judges, and ANTOON,*** District Judge.

Petitioner Rogelio Samuel Gomez-Orozco ("Gomez-Orozco"), a native and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

citizen of Mexico, seeks review of the Board of Immigration Appeals' ("Board") decision affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1. An applicant must show by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Gomez-Orozco applied for asylum in 2012, several years after his arrival in the United States in 2006, and he was thus required to show either "changed circumstances" materially affecting his eligibility for asylum or "extraordinary circumstances" excusing his untimely application. 8 U.S.C. § 1158(a)(2)(D).

Gomez-Orozco argues that both changed and extraordinary circumstances excuse his delay in applying for asylum. As to changed circumstances, he testified that his uncle in Mexico was threatened by a drug trafficking organization in 2011 or 2012 and that his sister in Mexico was threatened by the organization in 2013. As to extraordinary circumstances, Gomez-Orozco testified that he was unaware he needed to file for asylum because he was fraudulently deceived by a notary who indicated he would file all necessary documents to secure Gomez-Orozco's rights and did not do so.

2

The Board concurred with the IJ's determination that Gomez-Orozco's testimony regarding changed circumstances lacked sufficient detail. The IJ and Board also rejected Gomez-Orozco's extraordinary circumstances claim, noting that Gomez-Orozco filing for adjustment of status in 2009 evinced an understanding that he needed to take affirmative action to legalize his status. Because the changed or extraordinary circumstances determination by the Board rests on the IJ's resolution of a factual dispute, we lack jurisdiction to review it. 8 U.S.C. § 1158(a)(3); *see Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013). We dismiss Gomez-Orozco's petition to the extent it challenges the Board's denial of asylum. *See Sumolang*, 723 F.3d at 1082; *Gasparyan v. Holder*, 707 F.3d 1130, 1132 (9th Cir. 2013).

2. Substantial evidence supports the IJ's adverse credibility determination and consequent denial of Gomez-Orozco's application for withholding of removal. To qualify for withholding of removal, a petitioner must show he will more likely than not be persecuted upon return to his country of origin. *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021); 8 C.F.R. § 208.16(b)(1)(iii). Under the REAL ID Act of 2005, "there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting

8 U.S.C. § 1158(b)(1)(B)(iii)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We will reverse the Board's decision only if "the evidence *compels* the conclusion" the decision was incorrect. *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006).

The IJ pointed to Gomez-Orozco's repeated failure to respond to basic questions, including questions directly related to his applications for relief. For example, Gomez-Orozco could not describe in any detail the organization he claims threatened his family, even though he was asked direct questions about the organization and was given time before testifying to review his prior written statement. Nor could Gomez-Orozco remember how long he had been in the United States after his first entry, when or how he was arrested for the first time in the United States, or whether he was released to immigration authorities upon his release from jail. The IJ concluded from his testimony that he "show[ed] an intentional lack of candor intended to minimize providing testimony that could have an adverse impact on his request for relief" and that he therefore failed to show he would more likely than not face persecution if removed to Mexico. *See Aden*, 989 F.3d at 1085–86. Where, as here, an adverse credibility determination rests on specific examples of a petitioner's "obvious evasiveness," we will uphold the determination. *Bandari v. I.N.S.*, 227 F.3d 1160, 1166 (9th Cir. 2000) (quoting

4

*Shah v. I.N.S.*, 220 F.3d 1062, 1068 (9th Cir. 2000)).

Gomez-Orozco argues for the first time on appeal to this Court that his non-responsiveness was due to a cognitive impairment and that the IJ violated his due process rights by failing to order a competency hearing. "[W]e may not entertain due process claims based on correctable procedural errors" unless such claims were raised below. *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002). Because the failure to order a competency hearing is a procedural error the Board could have corrected had Gomez-Orozco raised his due process claim below, the claim is not reviewable. *See id.*

3. Substantial evidence supports the denial of CAT relief. Gomez-Orozco failed to show he would more likely than not be tortured if removed to Mexico, whether by a person acting in an official capacity or anyone else. *See* 8 C.F.R. §§ 208.17(a), 208.18(a)(1); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DISMISSED in part and DENIED in part.**